IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANIMACCORD LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22-cv-868 (LMB/WEF) |
| ) | |
| THE INDIVIDUALS, PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A," et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court is the Report and Recommendation ("Report") from the Magistrate Judge [Dkt. No. 113] recommending that plaintiff Animaccord Ltd.'s ("plaintiff") Motion for Default Judgment against defendants Aliyah Mullen d/b/a "Arakhaim" ("Mullen"), Elena Rabinovich,[1] Ana Castillo d/b/a "creatikacorp" ("Castillo"), Monica G. Baez d/b/a "MonicasInventions" ("Baez"), Michael Aaron Pritchard ("Michael Pritchard"), Joi Lynn Pritchard ("Joi Pritchard"), A and J Graphics LLC d/b/a "AandJGraphicsLLC," ewatkins67, and Venny A. Dial d/b/a "Tutuseveryday" ("Dial") (collectively, "default defendants") [Dkt. No. 102] be granted in part and denied in part. The Report, which was issued on February 28, 2023, advised the parties that any objection to the Report had to be filed within fourteen (14) days of its service, and that failure to file timely objections would waive appellate review of the proposed findings of fact, recommendations, and any resulting judgment. [Dkt. No. 113] at 45. Because the docket sheet did not reflect whether copies of the Report were mailed to the default

---

[1] After the Motion for Default Judgment was filed, defendant Elena Rabinovich reached a settlement with plaintiff, and a Consent Order for dismissal, judgment, and a permanent injunction was entered on December 13, 2022. See [Dkt. No. 111].

defendants when the Report was issued, copies of the Report were mailed to them on April 26, 2023. The Report has been returned by the United States Postal Service as undeliverable for Baez and ewatkins67, [Dkt. Nos. 115, 117], but not for any of the other default defendants; however, the Court finds that those two defendants have adequate notice of this lawsuit because they were properly served with the summons and Amended Complaint.[2] As of June 8, 2023, no objections have been filed to the Report. Having carefully reviewed the Report [Dkt. No. 113] and plaintiff's Motion for Default Judgment [Dkt. Nos. 102, 103], the Court adopts the factual findings and conclusions of the Report in part.

## I. DISCUSSION

Plaintiff is the owner of all rights, title, and interest in the widely popular family animated series, "Masha and the Bear," which has been translated into 25 languages and broadcast and streamed in over 100 countries. See [Dkt. No. 37] ¶¶ 20-24. Plaintiff owns four trademarks for "Masha and the Bear" identified in Exhibits 1 to 4 of the Amended Complaint, id. ¶ 64, and copyrights for the series featuring "Masha and the Bear" characters, including nine identified in Exhibit 5 of the Amended Complaint, id. ¶¶ 72-75, and sells goods and products bearing these trademarks and copyrights through retailers and on the internet throughout the United States, id. ¶¶ 25-26. On August 2, 2022, plaintiff filed this lawsuit against 30 seller IDs listed in Schedule A ("defendants"), who were found to be selling and distributing counterfeit goods using plaintiff's trademarks and copyrighted works on e-commerce websites such as eBay,

---

[2] As the Report points out, plaintiff's certificates of service regarding the Motion for Default Judgment and hearing exclude Dial. [Dkt. Nos. 105, 109]. Although ordinarily plaintiff would be required to serve Dial with the Motion for Default Judgment to ensure fair notice, because the Report was mailed to Dial and there is no indication in the record that it has been returned as undeliverable, the Court finds that Dial has adequate notice of the default proceeding and that the failure to serve does not warrant denial of the Motion for Default Judgment.

Etsy, and Amazon. [Dkt. No. 1]. On August 17, 2022, plaintiff obtained a Temporary Restraining Order against the defendants. [Dkt. No. 11]. After ascertaining the identity and location of the defendants through limited discovery, plaintiff filed an Amended Complaint which identified the defendants by their individual and corporate names. [Dkt. No. 37]. The Amended Complaint alleges five causes of action: (1) trademark infringement and trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1411(1), (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), (3) trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c), (4) common law unfair competition, and (5) copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501. Twenty four of the seller ID defendants settled this civil action with plaintiff, and consent orders were entered as to these defendants. On November 9, 2022, plaintiff requested an entry of default against Mullen, Castillo, Baez, Michael Pritchard, Joi Pritchard, A and J Graphics LLC, ewatkins67, and Dial, [Dkt. Nos. 92, 99], and filed a Motion for Default Judgment on November 21, 2022, [Dkt. Nos. 102, 103].

As an initial matter, the Report correctly found that the defendants, including the default defendants, were not properly joined pursuant to Fed. R. Civ. P. 20(a)(2) because the claims against each defendant do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as required for permissive joinder. Although defendants allegedly violated the same laws by selling counterfeit and infringing goods online, they operated independent online storefronts. The Amended Complaint contains no allegations that the defendants were working together, related to one another, or had any connection or commonality other than using e-commerce platforms and infringing plaintiff's trademarks and copyrights, which is insufficient for joinder. See Volkswagen AG v. Unincorporated Ass'ns, No. 1:17-cv-1413, 2018 WL 4145080, at *2 (E.D. Va. Aug. 30, 2018). Nevertheless, the Court agrees with

3

the Report that the defect is harmless because each default defendant's liability is assessed independently; however, the misjoinder will affect the award of attorneys' fees and costs, as discussed below.

As explained in the Report, subject matter jurisdiction exists under 28 U.S.C. § 1331, § 1338, and § 1367(a), and personal jurisdiction is proper based on the default defendants' internet contacts with Virginia from selling or attempting to sell infringing and counterfeit merchandise online to customers in the Commonwealth. See [Dkt. No. 113] at 6-8; Thousand Oaks Barrel Co., LLC v. Deep S. Barrels LLC, 241 F. Supp. 3d 708, 716-17 (E.D. Va. 2017). Venue is also proper pursuant to 28 U.S.C. § 1391(b).

The Court agrees with the Report that service was properly effected as to some, but not all, of the default defendants. Plaintiff properly served Mullen pursuant to the alternative methods of service previously approved by the Court. See [Dkt. Nos. 35, 43]. Castillo and Baez were served in accordance with Fed. R. Civ. P. 4(e)(2)(B) because a copy of the summons and Amended Complaint were left at their residences with a person of suitable age and discretion. See [Dkt. Nos. 42, 66]. As for Dial, after attempts to serve him at his residence were unsuccessful, service was posted on the "main entrance" of his "place of abode," [Dkt. No. 91], followed by service by mail and the filing with the Court of a certificate of such mailing, [Dkt. No. 91-1], which complies with Fed. R. Civ. P. 4(e)(1). See Va. Code Ann. § 8.01-296(2)(b).

The Amended Complaint alleges that defendant ewatkins67 is an "unincorporated association with an indicated address in Missouri that does business on REDBUBBLE.com under the marketplace name ewatkins 67," and that "ewatkins67 is controlled and owned by one or more unknown individuals who reside, upon information and belief, in Jakarta, Indonesia, based upon IP address logs and collectively used the fictious name Julie Watkins when registering for the REDBUBBLE.com seller account." [Dkt. No. 37] ¶ 50. As an unincorporated

4

association transacting business in Virginia, ewatkins67 may be served through service "on the clerk of the State Corporation Commission, who shall be deemed by virtue of such transaction of business or affairs in the Commonwealth to have been appointed statutory agent of such association." Va. Code. Ann. § 8.01-306; see Fed. R. Civ. P. 4(h)(1)(A). Based on the Certificate of Compliance issued by the Commonwealth of Virginia State Corporation Commission, [Dkt. No. 48], the Report correctly found that service was proper on ewatkins67.

Defendants Michael Pritchard and Joi Pritchard were sued as the director and owner, respectively, of A and J Graphics LLC, both in their individual capacity and as officers, directors, or agents of the company. A and J Graphics LLC was also named as a defendant and is a Texas limited liability company. The Return of Service from the process server indicates that Michael Pritchard accepted service of the summons and Amended Complaint on behalf of A and J Graphics LLC as its registered agent, [Dkt. No. 52], which constitutes proper service on both Michael Pritchard individually, see Fed. R. Civ. P. 4(e)(2)(A), as well as on A and J Graphics LLC, see Fed. R. Civ. P. 4(h)(1)(B). As the Report correctly found, there is no indication in the record that Joi Pritchard was properly served. Moreover, the Court also agrees with the magistrate judge that the Amended Complaint fails to state a claim against Michael Pritchard and Joi Pritchard in their individual capacities because plaintiff has not asserted in its Amended Complaint or Motion for Default Judgment that it is seeking to pierce the corporate veil for A and J Graphics LLC and hold its officers and agents personally liable. See [Dkt No. 113] at 18-19. Accordingly, the Motion for Default Judgment will be denied as to Michael Pritchard and Joi Pritchard, who will be dismissed from this civil action.

The Report thoroughly explains the allegations in the Amended Complaint and the elements of each cause of action, concluding that plaintiff has established claims for trademark infringement and counterfeiting, unfair competition under federal and state law, trademark

dilution, and copyright infringement against the remaining default defendants, Mullen, Castillo, Baez, A and J Graphics LLC, ewatkins67, and Dial. See id. at 21-30. The Report also found that the default defendants' trademark and copyright infringement was willful. See id. at 32, 37. Finding no errors in the Report's legal conclusions and factual findings, the Court adopts them as its own as to the default defendants' liability and finds that their conduct was willful; however, the Court rejects the Report's recommendation as to damages because plaintiff has failed to meet its burden in establishing a reasonable amount of damages.

Plaintiff has requested "statutory damages of $200,000 from each [d]efendant" for willful trademark infringement, counterfeiting, dilution, and unfair competition, and "statutory damages of $50,000 from each [d]efendant for willful copyright infringement[.]" [Dkt. No. 103] at 13, 15. Under the Lanham Act, a plaintiff may elect statutory damages, in lieu of actual damages, of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just," 15 U.S.C. § 1117(c)(1), and in the case of willful infringement, statutory damages are capped at $2,000,000, id. § 1117(c)(2). Statutory damages are also available under the Copyright Act instead of actual damages, with the statute providing for "statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement is willful, the Court "in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2). The Court has "wide discretion to determine an appropriate award of statutory damages," Mya Saray, LLC v. Al-Amir, 831 F. Supp. 2d 922, 941 (E.D. Va. 2011), considering the "underlying economic realities of the situation, including the actual damages suffered by the plaintiff, any expenses saved by the defendants in avoiding a licensing arrangement, and any

profits reaped by the defendants in connection with the infringements," as well as the need for "effective deterrence." Seoul Broad. Sys. Int'l, Inc. v. Young Min Ro, No. 1:09-cv-433 (LMB/IDD), 2011 WL 3207024, at *8 (E.D. Va. July 27, 2011).

Plaintiff has provided the Court with a scant amount of evidence from which to determine an appropriate amount of statutory damages. As the Report correctly observed, plaintiff failed to allege or provide any specific information regarding the economic impact of the infringing conduct on its business, such as its investment in, and income generated from, its marks and works and the impact of the sale of the counterfeit goods on its profit or loss margins. See [Dkt. No. 113] at 33. The Amended Complaint alleges only that genuine and authorized "Masha and the Bear" products are advertised, promoted, and distributed by plaintiff and its authorized partners on the internet including via Amazon, "visibility on the Internet . . . has become increasingly important to [p]laintiff's overall marketing and consumer education efforts," and plaintiff expends "significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies[.]" [Dkt. No. 37] ¶ 26. This supports the inference that default defendants' e-commerce sales of counterfeit goods have had an impact on plaintiff's sales and marketing but gives no indication of the magnitude or scope of the harm. Although the Court recognizes that plaintiff was not able to obtain concrete financial information about default defendants' sales figures or profits because they did not respond to this lawsuit, the Court agrees with the magistrate judge that plaintiffs must be held "accountable for failing to engage in basic pre-litigation investigation to determine, at least in part, the scope of the [d]efault [d]efendants' infringing conduct and its economic impact[.]" [Dkt. No. 113] at 34.

The Amended Complaint alleges that the 30 identified defendants were advertising and selling counterfeit and infringing goods on e-commerce platforms only in general terms, such as that they were selling "substantial quantities of their Counterfeit Goods" and that the goods

7

"use[d] one or more of the Masha and The Bear Marks and Copyrighted Works without [p]laintiff's permission." [Dkt. No. 37] ¶¶ 79-81. Plaintiff has included an affidavit from its Chief Financial Officer averring that she "personally analyzed the Masha and the Bear branded items wherein orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the Masha and The Bear Marks and Copyrighted Works, and [she] concluded the products were non-genuine, unauthorized Masha and The Bear Products." [Dkt. No. 37-8] ¶ 21. Other than providing the e-commerce store name and URL for each defendant, the record contains limited or no detail about each defendant's conduct, such as the specific marks or works that were infringed or the number or type of infringing or counterfeit goods or products that were advertised, offered for sale, or sold by each default defendant. As the Report correctly observed, for Baez and Dial, there is no evidence in the record "pertaining to the scope or the degree of [their] use of Plaintiff's Marks or Works or the quality of the counterfeit goods sold." [Dkt. No. 113] at 17, 20. There is similarly no such information for Mullen and ewatkins67, id. at 16, 20, although the Amended Complaint does allege that they engaged in fraudulent conduct by using United States addresses on their e-commerce stores when they are actually located outside the United States. [Dkt. No. 37] ¶¶ 12, 50, 57.

Plaintiff has provided some additional information for two of the default defendants. As to Castillo, the Amended Complaint alleges that she "purchases counterfeit goods in bulk from China and resells them on ebay.com at a price that is often more than double what she paid to her Chinese suppliers." Id. ¶ 34. The Amended Complaint includes evidence showing that her store on eBay, "creatikacorp," was selling a product titled "MASHA AND THE BEAR BALLOON SET BIRTHDAY PARTY 6 Pcs 1-3" depicting the character Masha, for a price of $12.45, of which 30 units had been sold. [Dkt. No. 37-7] at 12. There is no other specific information

8

about Castillo's use of plaintiff's marks or works or the goods sold. As to A and J Graphics LLC, plaintiff attached to its Motion for Default Judgment a screenshot showing that its store on Etsy, "AandJGraphicsLLC," advertised a product titled "Masha Bear 3 12 oz Skinny Kids Sippy Cup, Includes 2 Lids, Grow with me Sippy Cup," depicting Masha and the Bear characters, for a price of $20. [Dkt. No. 103-2] at 2. The screenshot also shows that the "AandJGraphicsLLC" store has made a total of 126 sales. Id. Other than this information, there is no other specific information about A and J Graphics LLC's use of plaintiff's marks or works or the goods sold.

As the Report pointed out, plaintiff failed to provide sufficient detail regarding the default defendants' e-commerce stores, such as a description of the merchandise offered for sale, the number of infringing or counterfeit items available, the cost of the items, the specific marks or works that were observed to be infringed, and the proportion of the overall inventory that consisted of "Masha and the Bear" goods. Based on the Chief Financial Officer's affidavit that "similar evidence" of infringing and counterfeit products for each e-commerce store was "obtained and reviewed for each and every [d]efendant," [Dkt. No. 37-8] ¶¶ 19-20 & n.1, plaintiff could have provided this information in support of its Motion for Default Judgment. Plaintiff has not objected to the Report's finding that the record is deficient with respect to its damages request and has not offered to provide additional information in response to the Report.

In light of these issues but bearing in mind the need for statutory damages to deter default defendants' willful infringement, the Report recommended statutory damages of $85,000 under the Lanham Act and $15,000 under the Copyright Act, for a total of $100,000 each for Mullen, Castillo, and ewatkins67 based on the deceptive conduct alleged for those defendants, and damages of $70,000 under the Lanham Act and $5,000 under the Copyright Act, for a total of $75,000 each for Baez, A and J Graphics LLC, and Dial. Although the Court agrees with the Report that a significant reduction in plaintiff's requested statutory damages is warranted, the

Court finds that the recommended amounts are still too high and unjustified in this case because plaintiff has failed to meet its burden to establish reasonable damages, and those amounts would be both a windfall to plaintiff and an inappropriately severe penalty for the default defendants.

Given the limited information in the record, the Court is unable to determine the amount of statutory damages that is appropriate on a "per counterfeit mark per type of goods or services sold," 15 U.S.C. § 1117(c)(1), or per work basis, 17 U.S.C. § 504(c)(1). Nevertheless, based on the evidence provided as to all defendants' e-commerce stores, including Castillo and A and J Graphics LLC's stores, see [Dkt. No. 37-7], defendants appear to be relatively small internet businesses. The Court also takes notice of the fact that plaintiff consistently settled this civil action with other defendants for monetary judgments of $9,995 per defendant (but in many instances accepted partial payment as full satisfaction for the judgment).[3] Statutory damages must be higher than these settlement amounts to account for the default defendants' unwillingness to cooperate with plaintiff or the judicial process and to serve as an adequate deterrent; however, the monetary judgments accepted by plaintiff for settlement provide insight into the compensation that plaintiff considers economically appropriate for its claims. Therefore, the Court considers that a just and appropriate award of statutory damages to punish default defendants' infringement, deter them from future infringement, and compensate plaintiff is $15,000 under the Lanham Act and $3,000 under the Copyright Act, for a total of $18,000 each for Baez and Dial, and $20,000 under the Lanham Act and $5,000 under the Copyright Act, for a total of $25,000 each for Mullen, Castillo, ewatkins67, and A and J Graphics LLC.

---

[3] In one case, plaintiff settled with one defendant for $25,000, but that defendant operated three eBay stores as well as a separate website that sold infringing and counterfeit goods. See [Dkt. No. 75]. Plaintiff also settled with another defendant for $1,500, but that defendant only listed one infringing product on his eBay store and did not sell other products using plaintiff's marks or works. See [Dkt. No. 82].

Plaintiff also seeks a permanent injunction prohibiting default defendants from manufacturing, advertising, or selling any infringing or counterfeit goods bearing plaintiff's trademarks or copyrights, consistent with the Temporary Restraining Order, and ordering e-commerce providers Amazon, eBay, Redbubble, and Etsy to turn over funds seized from the default defendants' accounts pursuant to the Temporary Restraining Order to be credited towards the monetary judgment. See [Dkt. Nos. 102-1, 103]. The facts in the record fully support such relief; however, the Court agrees with the Report that the e-commerce providers shall be ordered to transfer each default defendant's seized funds to plaintiff as payment up to, but no greater than, the judgment awarded by the Court for that defendant. The Court also agrees that a permanent freeze on default defendants' funds is unnecessary and that a restraint on the transfer of funds is warranted only until the e-commerce platforms have transferred any seized funds to plaintiff as payment toward any outstanding monetary judgments in this civil action.

Finally, plaintiff seeks an award of its attorneys' fees and costs. For the reasons explained in the Report, an award of reasonable attorneys' fees and costs to the prevailing party, plaintiff, is appropriate in this case pursuant to the Lanham Act and Copyright Act; however, as the Report points out, plaintiff has improperly sought to recover all the attorneys' fees and costs that it expended on this litigation with respect to all defendants, not only the default defendants. Plaintiff sued and improperly joined 30 seller IDs as defendants in this one civil action, therefore it is not reasonable for a subset of those defendants to be liable for all of plaintiff's attorneys' fees and costs. Moreover, plaintiff ultimately settled with 24 of the seller IDs in settlement agreements providing that "[e]ach party shall bear their own costs and fees." See, e.g., [Dkt. No. 29] ¶ 10. Given that practice, it is unreasonable for plaintiff to seek to impose all its attorneys' fees and costs on the default defendants. For these reasons, the Court rejects the Report's recommended fees and costs.

Plaintiff seeks to recover $48,532 in attorneys' fees incurred for counsel Kerry Culpepper and $1,500 for local counsel. Culpepper expended 121.33 hours on this litigation, see [Dkt. No. 103-1] at 4-8, from which it is necessary to subtract the hours clearly expended on negotiating and settling this civil action with defendants other than the default defendants. That deduction reduces his hours to 96.83. The Court agrees with the Report that all seven hours that Culpepper spent on the Motion for Entry of Default and Motion for Default Judgment are reasonable and shall be apportioned among only the six default defendants. The remaining 89.83 hours, which included tasks like drafting pleadings, case management, research, and service, are reasonable, and it is appropriate for each default defendant to be liable for a 1/30 share of these fees. As the Report correctly found, Culpepper's hourly rate of $400 is reasonable, and based on the aforementioned hours yields a fee amount of $1,664.40[4] as to each default defendant. Local counsel billed a lump sum rate of $1,500, of which it is reasonable to apply a 1/30 share, or $50, to the fee award as to each default defendant. In sum, plaintiff will be awarded $1,714.40 in attorneys' fees for work expended on each default defendant.[5]

Plaintiff seeks to recover $3,939.72 in costs. According to the cost ledger in Culpepper's affidavit, this amount includes general costs of litigation in the amount of $1,944.78 that are not attributable to a specific defendant, as well as costs for serving each defendant. See [Dkt. No. 103-1] at 2-4. The Court finds that it is appropriate to award costs as to each default defendant

---

[4] This amount is based on the sum of (7 hours x $400) / 6 = $466.67, and (89.83 hours x $400) / 30 = $1,197.73.

[5] The Court has applied the twelve standard Johnson/Kimbrell's factors and finds that none justify either increasing or decreasing the fee amount. See Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (citing Johnson v. Georgia Hwy. Express Inc., 488 F.2d 714 (5th Cir. 1974)).

based on a 1/30 proportional share of unattributed costs,[6] plus the cost of service for that specific defendant. This formula yields the following costs for which each default defendant is liable, which will be added to the attorneys' fees:

| Default Defendant | Service Costs | Total Costs (including $64.83 in general costs) | Total Attorneys' Fees and Costs |
|---|---|---|---|
| Aliyah Mullen | $48.56 | $113.39 | $1,827.79 |
| Ana Castillo | $67.98 | $132.81 | $1,847.21 |
| Monica Baez | $77.50 | $142.33 | $1,856.73 |
| Venny Dial | $179.17[7] | $244.00 | $1,958.40 |
| A and J Graphics LLC | $85.00 | $149.83 | $1,864.23 |
| Ewatkins67 | $38.95 | $103.78 | $1,818.18 |

## II. CONCLUSION

In sum, plaintiff's Motion for Default Judgment [Dkt. No. 102] will be granted in part as to Aliyah Mullen, Ana Castillo, Monica G. Baez, A and J Graphics LLC, ewatkins67, and Venny A. Dial, denied as moot as to Elena Rabinovich, and denied as to Michael Aaron Pritchard and Joi Lynn Pritchard. Accordingly, Michael Aaron Pritchard and Joi Lynn Pritchard will be dismissed, and individual judgment orders will be entered as to the remaining default defendants.

Entered this 9th day of June, 2023.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[6] These costs include the filing fee, costs for serving the e-commerce providers, research fees, and non-specific mail and service fees.

[7] The cost ledger does not indicate the cost of service for Dial specifically, but reflects that $537.50 was expended on "serve NY/NJ defendants (3)." [Dkt. No. 103-1] at 3. The Court infers that one of these defendants was Dial, who was served in New York, and has apportioned to him one-third of the cost of service.